STATE v. A. B. HARMON.

No. A-112.    Opinion Filed October 18, 1909.

(104  Pac. 370.)

1.    **INDICTMENT AND INFORMATION—Demurrer—Failure to State Public Offense.** Where an information is on its face fatally defective because based on a statute which had been repealed, and advantage of such defect was taken by demurrer before pleading to the merits, which demurrer was overruled, and again by motion in arrest of judgment after verdict, **held,** that the court erroneously overruled the demurrer, but properly sustained the motion in arrest of judgment.

2.   • **SAME—Motion in Arrest.** Where the facts stated in an information are insufficient to constitute a public offense, a motion in arrest of judgment should be sustained.

(Syllabus by the Court.)

*Appeal from Ellis County Court; A. Williams, Judge.*

A. B. Harmon was convicted of practicing medicine without a.license, and, his motion in arrest of judgment having been thereafter sustained, the state appeals.    Affirmed.

*Charles West,* Atty. Gen., *Charles L. Moore.* Asst. Atty. Gen., *C. B.. Leedy,* County Atty., for the State.
*Miller, Cornell & Leeka,* for defendant in error.

DOYLE, JUDGE. The defendant in error, A. B. Harmon, was prosecuted in the county court of Ellis county on an information filed in said court on the 5th day of August, 1908, which information reads as follows:

"In the name and by the authority of the state of Oklahoma now comes C. B. Leedy, the duly elected, qualified, and acting county attorney in and for the county of Ellis, and state of Oklahoma, and gives the court to know and be informed that on the 2d day of August in the year of our Lord one thousand nine hundred and eight (1908), and prior thereto, at and within the county of Ellis, and state of Oklahoma, one Dr. A. B. Harmon did then and there unlawfully, wilfully, attempt to and did practice medicine, without a license, and said A. B. Harmon did then and there profess publicly to be a physician, and did prescribe for the sick, and did append to his name M. D. That the said A. B. Harmon has no license to practice medicine in this state, and has unlawfully and wilfully violated section 14 of chapter 9 of Wilson's Revised and Annotated Statutes of Oklahoma; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant filed a general demurrer, which was by the court overruled, and exception allowed. Whereupon the defendant entered a plea of "not guilty." At the January term, 1909, the case was called, and a jury was sworn to try the cause. After hearing the evidence, the court instructed the jury, and, after argument of counsel, the jury retired and upon consideration of their verdict returned into court the following verdict:

"We, the jury being duly chosen, summoned, impaneled, and sworn to try the issues in the above-entitled cause, do upon our oaths find the defendant guilty and assess his fine at $25.00."

Whereupon the defendant filed his motion in arrest of judgment, which motion is as follows:

"Comes now the defendant after verdict and before judgment, and moves the court that no judgment be rendered in the above-entitled cause, and as grounds therefor states: (1) That this court has no jurisdiction to try the defendant for the alleged or pretended offense attempted to be charged in the information filed herein. (2) That the facts stated in the information do not constitute a public offense under the laws in force at the time

alleged in said information that the said pretended offense was committed. (3) That the information does not substantially conform to the requirements of the statutes. A. B. Harmon, Deft., by Miller, Cornell, and Leeka, His Attorneys."

And thereafter said motion in arrest of judgment was by the court sustained, and the state allowed an exception, which ruling of the court is set forth in a journal entry as follows:

"Now, on this date, January 16th, 1909, this cause came on regularly to be heard upon the motion in arrest of judgment. And the court, after being advised in the premises, is of opinion that the law under which the information was herein drawn has been repealed by the Session Laws of the Territory of Oklahoma, 1903, chapter 5, p. 92, sec. 9, and that said information does not charge a crime under the said laws of 1903, and that the said law of 1903, is inoperative, in that it does not define what constitutes the unlawful practice of medicine. It is therefore the order and judgment of the court that the motion in arrest of judgment be, and the same is hereby sustained, and that the defendant be and he is hereby discharged and his bond exonerated. To which ruling of the court the plaintiff excepts."

From the judgment of the county court sustaining the motion in arrest of judgment, the state of Oklahoma prosecutes this appeal.

We are of opinion that the court erred in overruling the demurrer, and that the decision of the court sustaining the motion in arrest of judgment should be affirmed, for the reason set forth in the second paragraph of said motion, to wit:

"That the facts stated in the information do not constitute a public offense under the laws in force at the time alleged in said information that said pretended offense was committed."

From the record before us it is obvious that this case was tried under a misapprehension of the laws in force at the time alleged in the. information; this being due to the fact that the session laws were not published until October, 1908. Chapter 9, Wilson's Rev. & Ann. St. 1903, including section 14 (section 314) thereof, as alleged in said information, was repealed by the provisions of chapter 5, p. 88, Sess. Laws Okla. 1903. The territorial laws relating to the practice of medicine were not extended

and did not remain in force in the state of Oklahoma by reason of section 39, art. 5 (section 112, Bunn's Ed.) Const., which provides that:

"The Legislature shall create a board of health, board of dentistry, board of pharmacy, and pure food commission, and prescribe the duties of each. All physicians, dentists and pharmacists now legally registered and practicing in Oklahoma and Indian Territory shall be eligible to registration in the state of Oklahoma without examination or cost."

This provision of the Constitution was made effective by chapter 70a, art. 1, p. 791a, Sess. Laws 1907-08, the same being entitled:

"An act to define and regulate the practice of medicine; to create a board of medical examiners for the examination and licensing of physicians and surgeons and to prescribe their qualifications; to provide for their proper regulation, and to provide for the revocation of their license; to require itinerant venders to procure a county license and to fix suitable penalties for the violation of this act, and repealing laws and parts of laws in conflict herewith."

This law was approved June 12, 1908, and became effective on the 24th day of August, 1908. For this reason, we see no occasion for following counsel in their learned discussion upon the other questions argued, as their determination involves only statutes expressly repealed.

For the reasons stated, the decision of the lower court is hereby affirmed.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.